# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MARCIA THOMAS,**
**and ARAZIA OLIVER,**

      **Plaintiffs,**

**vs.**                                        **Case No. 4:21cv111-MW-MAF**

**GAVIN LARREMORE, et al.,**

      **Defendants.**
_____/


## REPORT AND RECOMMENDATION

The pro se Plaintiff has now filed a fifth amended complaint. ECF No. 20. Plaintiff has also filed a third motion requesting the appointment of counsel, ECF No. 21. Both documents have been reviewed.

First, the motion for the appointment of counsel, ECF No. 21, is the third such motion Plaintiff has filed. *See* ECF Nos. 8, 15, and 21. There is no need to grant a motion for counsel if the complaint is insufficient to demonstrate a claim that should proceed. For the reasons explained below, the motion should be denied and this case dismissed.

Second, as Plaintiff has been advised previously, *see* ECF No. 5 at 2-3 and ECF No. 17 at 2, she cannot bring this case on behalf of other persons.  Franklin v. Garden State Life Ins., 462 F.App'x 928, 930 (11th Cir. 2012).  Because Plaintiff is not an attorney, she cannot bring this case on behalf of the additional Plaintiff identified as Arazia Oliver.  She also cannot bring claims about events concerning an individual named Johnny and his truck.  *Id.* at 11-13.

Third, a complaint must comply with Rule 8 of the Federal Rules of Civil Procedure; it must provide "simple, concise, and direct" factual allegations which demonstrate "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2), (d)(1).  Plaintiff's fifth amended complaint does not do so. This version of the complaint is a rambling list of events that Plaintiff contends demonstrates a "gang stalking conspiracy."  ECF No. 20 at 6. Plaintiff states that she notified various officials of her claims but they failed to perform "fair and proper investigations."  *Id.* at 6-7.  Plaintiff complains that a police officer "began to show up often in the neighborhood where [she] lived," but her complaints were ignored and not investigated.  *Id.* at 8, 10, 12.  She claims that she was "exposed to arsenic and pesticides" from a dermatologist, but her complaints were ignored, *id.* at 15, as were her

calls for a "hazmat team." *Id.* at 12, 16.  Such claims are insufficient because a citizen does not have a constitutional right to have an investigation conducted by law enforcement or to have another person arrested and prosecuted for a crime.  As Plaintiff was previously informed, she cannot bring a claims because she is dissatisfied with the way her complaints have been handled.  *See* ECF No. 17 at 5.

Plaintiff also complains about hearing noises such as "beeping sounds, something spraying," and people moving around.  *Id.* at 9-10.  She complains of smelling "different smells," and of having the lights in her house controlled elsewhere and experiencing "lasers and beams."  *Id.*  She also complains that "nano devices" were "inserted" in her body by unidentified persons, and she is "experiencing different functions" and her live has been "altered."  *Id.* at 13-14.  Plaintiff alleges that "direct energy beams" and "electric magnetic fields" are used to deliberately cause her "extreme harm" and that her health is at risk.  *Id.* at 14.  She claims that devices are turned on that "emit" something and monitor her whereabouts. *Id.* at 15.  She also asserts that the is "exposed to chemicals, gases, electrical currents, cameras, radar surveillance" and "direct energy beams." *Id.* at 20.  Plaintiff's complaints of harassment from radiation, poisoning,

and electrical beams are delusional and removed from reality.  There are no assertions which have a basis in fact, and none demonstrate that Plaintiff's constitutional rights have been violated by any specific, identifiable Defendant.

In light thereof, the complaint should be dismissed for failure to state a claim upon which relief may be granted and because it is frivolous.  Title 28 United States Code Section 1915 provides that a United States District Court may dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  Additionally, the Supreme Court held in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989), that two types of cases which may be dismissed sua sponte pursuant to 28 U.S.C. § 1915(d) - those "based on an indisputably meritless legal theory" and those "whose factual contentions are clearly baseless."  *Id.*  Baseless factual contentions include those cases describing scenarios clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990) (citing Neitzke).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that: (1) Plaintiff's fifth amended complaint, ECF No. 20, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous, and (2) that the motion for appointment of counsel, ECF No. 21, be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on July 12, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv111-MW-MAF